CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

May 14, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE  DIVISION

| | | |
|---|---|---|
| **WILLIAM LEE ANDERSON, II,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:26CV00391 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN RODNEY W. YOUNCE,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*William Lee Anderson, II, Pro Se Petitioner.*

The petitioner, William Lee Anderson, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  Anderson challenges his 2009 convictions in the Circuit Court of Washington County, Virginia, for bank robbery and obstruction of justice.  I find that the petition is successive and must be dismissed under 28 U.S.C. § 2244(b).[1]

Anderson has filed several prior unsuccessful state and federal habeas petitions.  In the present petition, Anderson asserts that his counsel in the underlying criminal proceedings was ineffective and that the judge abused his discretion regarding sentencing, both by failing to consider Anderson's mental capacity and

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition when it appears from the petitioner's submissions that he is not entitled to relief.

permit access to certain court records.  However, I cannot consider Anderson's allegations under the circumstances.

Under 28 U.S.C. § 2244, a federal district court may consider a successive § 2254 petition if the petitioner moves the appropriate appellate court for an order authorizing the district court to consider the application.  § 2244(b)(3)(A); *In re Fowlkes*, 326 F.3d 542, 544 (4th Cir. 2003) (determining that when a petitioner has filed a § 2254 petition, "he may only file a successive section 2254 motion if he receives authorization from this court under the standard established in section 2244(b)(3)(C)").  Anderson has previously filed more than one petition in this court concerning the same convictions and sentence.  See *Anderson v. McCoy*, No. 7:25-cv-00718 (W.D. Va. Jan. 5, 2026) (dismissing § 2254 petition as successive); *Anderson v. Commonwealth*, No. 7:25-cv-00433 (W.D. Va. Oct. 2, 2025) (dismissing § 2254 petition as successive), *appeal docketed*, No. 25-6904 (4th Cir. Oct. 20, 2025).  There is no evidence that Anderson has obtained a certification from the Court of Appeals for the Fourth Circuit to file a successive § 2254 petition; therefore, I must dismiss this action without prejudice.[2]

---

[2] The Fourth Circuit has denied prior motions by Anderson requesting permission to file a successive habeas petition.  No. 21-290 (4th Cir. Dec. 1, 2021) (denying motion for an order authorizing the district court to consider a second or successive application for relief); No. 24-113 (4th Cir. Mar. 6, 2024) (same).

Anderson insists that this petition is not successive because no court has ruled on the merits of his claims. Indeed, "[i]n order to qualify as a successive petition, the dismissal of the first habeas petition must be on the merits." *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521 (2011). However, dismissal of a § 2254 petition as untimely is a consideration of the petition on the merits. *Beeler v. Bowles*, No. 7:25-cv-00912, 2025 WL 3681385, at *1 (W.D. Va. Dec. 18, 2025).

Here, Anderson's first habeas petition filed in this court was dismissed as untimely, and his appeal of that ruling was dismissed by the Fourth Circuit. *Anderson v. Dir. of Dep't of Corr.*, No. 7:12CV0023 (W.D. Va. Aug. 8, 2012) (dismissing § 2254 petition as untimely), *appeal dismissed*, 502 F. App'x 261, 262 (4th Cir. 2012) (unpublished). Because dismissal of a § 2254 petition as untimely is a consideration of the petition on the merits, his subsequently filed petitions are successive and cannot be considered without authorization from the appellate court.

Furthermore, I find no grounds on which Anderson is entitled to a certificate of appealability given that he has not made the requisite showing of a denial of a constitutional right, nor that reasonable jurists would find the court's procedural ruling to be debatable or wrong. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

A separate Judgment will be entered.

ENTER:   May 14, 2026

/s/  JAMES P. JONES
Senior United States District Judge